### FRAZIER *v.* McGUCKIN *et al.*

*(Superior Court of New York City, General Term.* April 7, 1890.)

MECHANICS' LIENS—ENFORCEMENT—PLEADING AND PROOF.

Where an action to foreclose a mechanic's lien is tried on the assumption that it was brought to recover for material furnished to a contractor, to whom, at the time of the filing of the notice of lien, there was money due from the owner, defendants should be permitted to show in defense, though not alleged in the answer, that the contractor had not completed the work; the amount of work uncompleted; the cost of completing the work; and any payments made to the contractor on account of the contract.

Appeal from a judgment on report of referee.

Action by Stephen R. Frazier to foreclose a mechanic's lien against property of Henry J. McGuckin for material furnished by plaintiff to one Kirchner. The evidence shows a contract in writing by and between McGuckin, as owner, and one Douglas, as contractor, and that Douglas sublet the contract to Kirchner. There was judgment for plaintiff, and defendant McGuckin appeals.

Argued before TRUAX and DUGRO, JJ.

*Daniel P. Mahoney,* for appellant. *A. H. & W. E. Osborn,* for respondent.

DUGRO, J. From the complaint it seems a recovery is sought by the plaintiff upon an alleged agreement whereby the defendant McGuckin assumed to pay the plaintiff's claim; for after alleging the mutual rescission of the Douglas contract, under which the material was furnished, the complaint states that "thereupon the said Frederick Kirchner was to assume, and did assume, the completion of said buildings, under some arrangement between him and said Henry J. McGuckin; the said Henry J. McGuckin assuming the payment of the balance due plaintiff of the price or value of the materials so furnished, as aforesaid, by this plaintiff." The cause of action which the referee found to have been established by the evidence was not that which is alleged in the complaint. The action seems to have been tried upon the assumption that it was brought by a lienor to recover for material furnished to a contractor, to whom, at the time of the filing of the notice of lien, there was a sum due by the defendant owner. If the action is to be treated as though it is such as the case presents, the defendants should have been permitted to show, in defense, (although not alleged in the answer,) that the contractor had not completed the work; the amount of the work uncompleted; the cost of completing the work; and any payments made to the contractor on account of the contract. It seems evidence relevant to this defense was excluded by the referee. Notably is this the case in the exclusion of checks to and receipts from Frederick Kirchner, dated in September, 1886, and the sustaining of objections to the questions: "Did you furnish material for the trim-work of those buildings? and, if so, what?" and other questions put to James Mackintosh. The judgment should be reversed, and a new trial ordered, with costs to abide the event.